UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINDA DITOMASSO, )
    Plaintiff, )
)
v. ) Civil Action No. 05-40057-FDS
)
PHILIP SERVICES CORPORATION, )
PSC GROUP LIFE PLAN AND )
CONTINENTAL ASSURANCE COMPANY )
    Defendants. )

## ANSWER OF CONTINENTAL ASSURANCE COMPANY

Defendant, Continental Assurance Company ("CAC"), hereby answers Plaintiff's Complaint as follows:

### THE PARTIES

1. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. CAC admits the allegations contained in Paragraph 2.

3. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3.

4. CAC admits that the PSC Group Life Plan ("PSC Plan") provides life insurance benefits for eligible PSC employees.

5. CAC admits that it issued Group Policy No. SR-83120541 to PSC.

### JURISDICTION AND VENUE

6. Paragraph 6 contains legal conclusions to which a response is not required.

7. CAC admits the allegations contained in Paragraph 7 but denies that they are relevant to this case.

8. Paragraph 8 contains legal conclusions to which a response is not required.

9. Paragraph 9 contains legal conclusions to which a response is not required.

10. Paragraph 10 contains legal conclusions to which a response is not required.

## GENERAL ALLEGATIONS

11. CAC lacks sufficient knowledge to admit or deny that Ronald Ditomasso ("Mr. Ditomasso") was employed at PSC "prior to his death and during all relevant times" or that his pay did not exceed $50,000.00 per year. CAC admits that Mr. Ditomasso was a participant in the PSC Plan.

12. CAC denies the allegations contained in Paragraph 12.

13. CAC admits the allegations contained in Paragraph 13.

14. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14.

15. CAC denies Mr. Ditomasso "renewed" any requested coverage. CAC admits Mr. Ditomasso requested Supplemental Life Insurance of one times his base salary and Spousal Life coverage of $10,000.00 on the enrollment form dated February 19, 2002 with coverage effective February 1, 2002.

16. CAC denies that it received and/or approved Mr. Ditomasso's February 25, 2002 request for Supplemental Life Insurance and/or Spousal Life coverage. CAC lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 16.

17. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17.

18. CAC denies Mr. Ditomasso "renewed his Life, Supplemental Life and Spousal Life coverage" on November 13, 2002. CAC admits Mr. Ditomasso requested Supplemental Life and Spousal Life coverage on the enrollment form dated November 13, 2002.

19. CAC denies that it received and/or approved Mr. Ditomasso's November 13, 2002 request for Supplemental Life Insurance and/or Spousal Life coverage. CAC lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 19.

20. CAC admits the allegations contained in Paragraph 20.

21. CAC admits the allegations contained in Paragraph 21.

22. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 22.

23. CAC denies that it prepared or requested that Plaintiff sign a Proof of Death form. CAC admits there is a Proof of Death form but denies the remaining allegations contained in Paragraph 23 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

24. CAC admits there is a Proof of Death form. CAC denies the remaining allegations contained in Paragraph 24 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

25. CAC admits the allegations contained in Paragraph 25.

26. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 26.

27. CAC denies the allegations contained in Paragraph 27.

28. CAC admits there is a Group Life Insurance Policy for PSC. CAC denies the remaining allegations contained in Paragraph 28 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

29. CAC admits there is an enrollment form dated November 13, 2002. CAC denies the remaining allegations contained in Paragraph 29 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

30. CAC admits there are several enrollment forms. CAC denies the remaining allegations contained in Paragraph 30 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

31. CAC admits there is a Group Policy. CAC denies the remaining allegations contained in Paragraph 31 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

32. CAC admits there is a Group Policy. CAC denies the remaining allegations contained in Paragraph 32 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

33. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33.

34. CAC admits that enrollment forms are attached to Plaintiff's Complaint at Exhibits 3, 4 and 5. CAC denies the remaining allegations contained in Paragraph 34 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents. CAC lacks sufficient knowledge to admit or deny that Mr. Ditomasso signed the enrollment forms.

35. CAC admits there is a Group Policy. CAC denies the remaining allegations contained in Paragraph 35 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

### COUNT I – CLAIM FOR BENEFITS/BREACH OF CONTRACT
### (CONTINENTAL ASSURANCE COMPANY)

36. CAC realleges each of the paragraphs above as if fully set forth herein.

37. CAC denies the allegations contained in Paragraph 37.

38. CAC denies the allegations contained in Paragraph 38.

39. CAC denies the allegations contained in Paragraph 39.

40. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 40.

41. Paragraph 41 contained legal conclusions to which a response is not required. To the extent that Paragraph 41 alleges facts, they are denied.

42. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 42.

43. Paragraph 41 contained legal conclusions to which a response is not required. CAC lacks sufficient knowledge to admit or deny the allegation that the premiums have not been reimbursed.

44. Paragraph 44 contained legal conclusions to which a response is not required. To the extent that Paragraph 41 alleges facts, they are denied.

### COUNT II – CLAIM FOR BENEFITS/BREACH OF CONTRACT
### (PHILLIP SERVICES CORPORATION)

45. CAC realleges each of the paragraphs above as if fully set forth herein.

46. CAC denies the allegations contained in Paragraph 46.

47. CAC denies the allegations contained in Paragraph 47.

48. CAC denies the allegations contained in Paragraph 48.

49. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49.

50. Paragraph 50 contained legal conclusions to which a response is not required. To the extent that Paragraph 50 alleges facts, they are denied.

51. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 51.

52. Paragraph 52 contained legal conclusions to which a response is not required. CAC lacks sufficient knowledge to admit or deny the allegation that the premiums have not been reimbursed.

53. Paragraph 53 contained legal conclusions to which a response is not required. To the extent that Paragraph 53 alleges facts, they are denied.

### COUNT II – CLAIM FOR BENEFITS/BREACH OF CONTRACT
### (PHILLIP SERVICES CORPORATION)

54. CAC realleges each of the paragraphs above as if fully set forth herein.

55. CAC denies the allegations contained in Paragraph 55.

56. CAC denies the allegations contained in Paragraph 56.

57. CAC denies the allegations contained in Paragraph 57.

58. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 58.

59. Paragraph 59 contained legal conclusions to which a response is not required. To the extent that Paragraph 59 alleges facts, they are denied.

60. CAC lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 60.

61. Paragraph 61 contained legal conclusions to which a response is not required. CAC lacks sufficient knowledge to admit or deny the allegation that the premiums have not been reimbursed.

62. Paragraph 62 contained legal conclusions to which a response is not required. To the extent that Paragraph 62 alleges facts, they are denied.

## AFFIRMATIVE DEFENSES

1. Ronald Ditomasso failed to provide proof of insurability as required by the Policy. As such, Plaintiff is not entitled to any benefits other than the already paid Basic Life Insurance Benefit.

2. Ronald Ditomasso failed to provide proof of a family status change as required by the Policy. As such, Plaintiff is not entitled to any benefits other than the already paid Basic Life Insurance Benefit.

3. To the extent Plaintiff's Complaint asserts any state law claims; they are preempted by ERISA.

4. If Plaintiff should prove that she sustained the damages that are alleged in the Complaint, such damages resulted from acts or omissions on the part of third parties over whom Hartford had no control or right to control.

5. Plaintiff's claims are barred by accord and satisfaction.

6. Hartford's decision to deny the Supplemental Life Benefit was not arbitrary and capricious.

Respectfully Submitted,
DEFENDANT CONTINENTAL ASSURANCE COMPANY
By its Attorneys,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO # 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
413-787-2400
413-781-8235 (fax)
Email: dcrevier@crevierandryan.com
kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

    I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 28th day of June 2005.

_____