IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINDA DITOMASSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| PHILIP SERVICES CORPORATION, | § | NO. 05-40057 |
| PSC GROUP LIFE PLAN and | § | |
| CONTINENTAL ASSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT PHILIP SERVICES CORPORATION'S AND
PSC GROUP LIFE PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Philip Services Corporation ("PSC") and PSC Group Life Plan ("PSC Plan") (collectively, "Defendants") hereby file this Answer to Plaintiff Linda Ditomasso's Complaint, and would show the Court as follows:

**ANSWER TO PLAINTIFF'S COMPLAINT**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, so Defendants deny all such allegations.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint, so Defendants deny all such allegations.

3. With respect to the allegations in Paragraph 3 of Plaintiff's Complaint, Defendants admit that Philip Services Corporation ("PSC") is a corporation and that PSC has an office located at 31 Waldron Way, Portland, ME 04103. Defendants deny all other allegations in Paragraph 3 of Plaintiff's Complaint.

4. With respect to the allegations in Paragraph 4 of Plaintiff's Complaint, Defendants admit that PSC Group Life Plan ("PSC Plan") is an employee benefits plan which offers supplemental life insurance benefits to certain eligible employees of PSC (the "Plan"). Defendants deny all other allegations in Paragraph 4 of Plaintiff's Complaint.

5. With respect to the allegations in Paragraph 5 of Plaintiff's Complaint, Defendants admit that Continental Assurance Company (abbreviated in Plaintiff's Complaint and referred to herein as "CNA") issued Group Policy No. SR-83120541 (the "Policy") to PSC. Defendants deny all other allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that this Court has jurisdiction under 29 U.S.C. §§ 1132(e)(1) and (f). With respect to the remaining allegations in Paragraph 6 of Plaintiff's Complaint, Defendants state that such allegations set forth a legal conclusion for which no response is required.

7. Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint but deny that they are relevant to this case.

8. With respect to the allegations in Paragraph 8 of Plaintiff's Complaint, Defendants state that such allegations set forth a legal conclusion for which no response is required.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint, so Defendants deny all such allegations.

10. Defendants admit that venue is proper in this district. With respect to the remaining allegations in Paragraph 10 of Plaintiff's Complaint, Defendants state that such allegations set forth a legal conclusion for which no response is required.

HOUSTON: 019546.00004: 1010708v2

Case 4:05-cv-40057-FDS   Document 9   Filed 07/01/2005   Page 3 of 13

11. With respect to the allegations in Paragraph 11 of Plaintiff's Complaint, Defendants admit that Ronald Ditomasso ("Mr. Ditomasso") was employed by PSC for the period from on or about May 30, 2000, until his death, at an hourly rate of pay that did not exceed $50,000 per year. Defendants deny all other allegations in Paragraph 11 of Plaintiff's Complaint.

12. With respect to the allegations in Paragraph 12 of Plaintiff's Complaint, Defendants admit that Exhibit 2 to Plaintiff's Complaint is a letter dated August 15, 2000, to Ronald Ditomasso from Cynthia Demers, Benefits Administrator for PSC, and further respond that the document speaks for itself. Defendants deny all other allegations in Paragraph 12 of Plaintiff's Complaint.

13. With respect to the allegations in Paragraph 13, Defendants admit that Mr. Ditomasso submitted an Employee Benefits Enrollment/Change Form dated December 10, 2001, with an effective date of January 1, 2002, in which Mr. Ditomasso requested Supplemental Life Insurance of one times his base salary. Defendants deny all other allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint, so Defendants deny all such allegations.

15. With respect to the allegations in Paragraph 15 of Plaintiff's Complaint, Defendants admit that Mr. Ditomasso submitted an Employee Benefits Enrollment/Change Form dated February 19, 2002, with an effective date of February 1, 2002, in which Mr. Ditomasso requested Supplemental Life Insurance of one times his base salary and Spousal Life coverage of $10,000. Defendants deny all other allegations in Paragraph 15 of Plaintiff's Complaint.

3
HOUSTON: 019546.00004: 1010708v2

16.    With respect to the allegations in Paragraph 16 of Plaintiff's Complaint, Defendants admit that PSC received the coverage request attached as Exhibit 4 to Plaintiff's Complaint on or about February 25, 2002. Defendants deny all other allegations in Paragraph 16 of Plaintiff's Complaint.

17.    With respect to the allegations in Paragraph 17 of Plaintiff's Complaint, Defendants admit that as of the pay period ending April 26, 2002, premium payments for Supplemental Life Insurance were deducted from Mr. Ditomasso's paycheck. Defendants deny all other allegations in Paragraph 17 of Plaintiff's Complaint.

18.    With respect to the allegations in Paragraph 18 of Plaintiff's Complaint, Defendants admit that Mr. Ditomasso submitted an Employee Benefits Enrollment/Change Form dated November 13, 2002, with an effective date of January 1, 2003, in which Mr. Ditomasso requested Supplemental Life Insurance of one times his base salary and Spousal Life coverage of $10,000. Defendants deny all other allegations in Paragraph 18 of Plaintiff's Complaint.

19.    With respect to the allegations in Paragraph 19 of Plaintiff's Complaint, Defendants admit that PSC received the coverage request attached as Exhibit 5 to Plaintiff's Complaint on or about November 19, 2002. Defendants deny all other allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendants admit the allegations in Paragraph 20 of Plaintiff's Complaint.

21.    With respect to the allegations in Paragraph 21 of Plaintiff's Complaint, Defendants admit that Mr. Ditomasso designated Mrs. Ditomasso as the beneficiary of his Basic Life Insurance and his Supplemental Life Insurance, if any. Defendants deny all other allegations in Paragraph 21 of Plaintiff's Complaint.

22.    With respect to the allegations in Paragraph 22 of Plaintiff's Complaint, Defendants admit that beginning at least on the pay period ending April 26, 2002, PSC deducted

premium payments for Supplemental Life Insurance coverage from Mr. Ditomasso's paycheck and forwarded these premium payments to CNA. Defendants deny all other allegations in Paragraph 22 of Plaintiff's Complaint.

23.     With respect to the allegations in Paragraph 23 of Plaintiff's Complaint, Defendants admit that Exhibit 7 to Plaintiff's Complaint is a Proof of Death Form signed by Mrs. Ditomasso, and further respond that the document speaks for itself. Defendants deny all other allegations in Paragraph 23 of Plaintiff's Complaint.

24.     With respect to the allegations in Paragraph 24 of Plaintiff's Complaint, Defendants respond that the document attached as Exhibit 7 to Plaintiff's Complaint speaks for itself. Defendants deny all other allegations in Paragraph 24 of Plaintiff's Complaint.

25.     With respect to the allegations in Paragraph 25 of Plaintiff's Complaint, Defendants admit that CNA has refused to pay Supplemental Life Insurance benefits to Mrs. Ditomasso on the ground that Mr. Ditomasso was a "Late Enrollee" and, as such, he was required to provide CNA with Evidence of Insurability. Defendants deny that PSC and PSC Plan were responsible for the payment to Mrs. Ditomasso of Supplemental Life Insurance benefits, if any, and further deny that PSC and PSC Plan were involved in CNA's decision to deny Mrs. Ditomasso's claim for Supplemental Life Insurance benefits. Defendants deny all other allegations in Paragraph 25 of Plaintiff's Complaint.

26.     With respect to the allegations in Paragraph 26 of Plaintiff's Complaint, Defendants deny that PSC and PSC Plan were the ultimate recipients of any Supplemental Life Insurance premiums, and further deny that PSC and PSC Plan were responsible for the reimbursement to Mrs. Ditomasso of any Supplemental Life Insurance premiums. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of Plaintiff's Complaint, so Defendants deny all such allegations.

HOUSTON: 019546.00004: 1010708v2

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. With respect to the allegations in Paragraph 28 of Plaintiff's Complaint, Defendants admit that Exhibit 1 to Plaintiff's Complaint is CNA's Group Life Insurance policy for PSC, and further respond that the document speaks for itself.

29. With respect to the allegations in Paragraph 29 of Plaintiff's Complaint, Defendants admit that Exhibit 5 to Plaintiff's Complaint is an Employee Benefits Enrollment/Change Form dated November 13, 2002, and further respond that the document speaks for itself.

30. With respect to the allegations in Paragraph 30 of Plaintiff's Complaint, Defendants admit that Exhibits 3, 4, and 5 to Plaintiff's Complaint are various Employee Benefits/Enrollment Change Forms, and further respond that these documents speak for themselves.

31. With respect to the allegations in Paragraph 31 of Plaintiff's Complaint, Defendants respond that Exhibit 1 to Plaintiff's Complaint is a document that speaks for itself.

32. With respect to the allegations in Paragraph 32 of Plaintiff's Complaint, Defendants respond that Exhibit 1 to Plaintiff's Complaint is a document that speaks for itself.

33. With respect to the allegations in Paragraph 33 of Plaintiff's Complaint, Defendants deny that PSC and PSC Plan were the ultimate recipients of any premium payments from Mr. Ditomasso for Supplemental Life coverage, and further deny that PSC and PSC Plan were involved in any decision regarding whether or not Mr. Ditomasso was required to provide additional documentation, a physical examination, or blood or urine specimens as a condition precedent to establishing eligibility for coverage. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of Plaintiff's Complaint, so Defendants deny all such allegations.

HOUSTON: 019546.00004: 1010708v2

34. With respect to the allegations in Paragraph 34 of Plaintiff's Complaint, Defendants respond that Exhibits 3, 4, and 5 to Plaintiff's Complaint are documents that speak for themselves.

35. With respect to the allegations in Paragraph 35 of Plaintiff's Complaint, Defendants respond that Exhibit 1 to Plaintiff's Complaint is a document that speaks for itself.

**COUNT I – CLAIM FOR BENEFITS/BREACH OF CONTRACT**
**(CONTINENTAL ASSURANCE COMPANY)**

36. Defendants reiterate and incorporate by reference in full its responses set forth in Paragraphs 1-35 herein.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. With respect to the allegations in Paragraph 40 of Plaintiff's Complaint, Defendants admit that premiums for Supplemental Life Insurance were deducted from Mr. Ditomasso's paycheck for a period of time from on or about the pay period ending April 26, 2002, until December 26, 2003, and forwarded by PSC to CNA. Defendants deny all other allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. With respect to the allegations in Paragraph 43 of Plaintiff's Complaint, Defendants deny that PSC and PSC Plan were the ultimate recipients of any Supplemental Life Insurance premium payments, and further deny that PSC and PSC Plan have been unjustly enriched. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, so Defendants deny all such allegations.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

### COUNT II – CLAIM FOR BENEFITS/BREACH OF CONTRACT
### (PHILLIPS SERVICES CORPORATION)

45. Defendants reiterate and incorporate by reference in full its responses set forth in Paragraphs 1-35 herein.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. With respect to the allegations in Paragraph 49 of Plaintiff's Complaint, Defendants admit that premiums for Supplemental Life Insurance were deducted from Mr. Ditomasso's paycheck for a period of time from on or about the pay period ending April 26, 2002, until December 26, 2003, and forwarded by PSC to CNA. Defendants deny all other allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52. With respect to the allegations in Paragraph 52 of Plaintiff's Complaint, Defendants deny that PSC and PSC Plan were the ultimate recipients of any Supplemental Life Insurance premium payments, and further deny that PSC and PSC Plan have been unjustly enriched. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, so Defendants deny all such allegations.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

### COUNT III – CLAIM FOR BENEFITS/BREACH OF CONTRACT
### (PSC GROUP LIFE PLAN)

54. Defendants reiterate and incorporate by reference in full its responses set forth in Paragraphs 1-35 herein.

HOUSTON: 019546.00004: 1010708v2

55. Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58. With respect to the allegations in Paragraph 58 of Plaintiff's Complaint, Defendants admit that premiums for Supplemental Life Insurance were deducted from Mr. Ditomasso's paycheck for a period of time from on or about the pay period ending April 26, 2002, until December 26, 2003, and forwarded by PSC to CNA. Defendants deny all other allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61. With respect to the allegations in Paragraph 61 of Plaintiff's Complaint, Defendants deny that PSC and PSC Plan were the ultimate recipients of any Supplemental Life Insurance premium payments, and further deny that PSC and PSC Plan have been unjustly enriched. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, so Defendants deny all such allegations.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

All other allegations and averments of the Complaint not heretofore admitted or denied by Defendants are hereby denied.

**DEFENDANTS PSC AND PSC PLAN'S DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted against Defendants PSC and PSC Plan.

2. Plaintiff's remedies for all alleged acts or omissions are limited solely to those remedies available under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*

9

3. To the extent Plaintiff's Complaint asserts any state law claims, such claims are preempted by ERISA.

4. Plaintiff's claims are barred, in whole or in part, based on the exclusions, limitations, or other terms of the relevant ERISA plan.

5. Plaintiff's claims are barred, in whole or in part, to the extent the participant in the employee welfare plan at issue failed to satisfy conditions precedent to any obligation under the relevant ERISA plan.

6. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies under the relevant ERISA plan.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

8. Plaintiff's claims are barred, in whole or in part, because Defendants PSC and PSC Plan breached no duty to Plaintiff under either ERISA or common law.

9. Plaintiff's claims are barred, in whole or in part, because Defendants PSC and PSC Plan did not act as a fiduciary with respect to some or all of the actions complained of by Plaintiff.

10. At all times, Defendants PSC and PSC Plan acted reasonably and in good faith with respect to its dealings with Ronald Ditomasso and Plaintiff and with respect to the administration of the employee welfare benefits plan.

11. All determinations made by any defendant regarding Plaintiff's claim for benefits were made based upon substantial evidence and in accordance with the terms of the employee welfare benefits plan and were not an abuse of discretion.

12. Plaintiff is not entitled to recover any attorney's fees or costs under 29 U.S.C. § 1132 of ERISA.

HOUSTON: 019546.00004: 1010708v2

13. Defendants PSC and PSC Plan are not liable to Plaintiff in the capacity in which they are being sued. Specifically, Defendants PSC and PSC Plan are not liable for the payment of any benefits provided by any employee welfare benefits plan to which Plaintiff may have been a beneficiary.

14. Defendants PSC and PSC Plan are not liable to Plaintiff for the reimbursement of any supplemental life insurance premium payments because PSC and PSC Plan were not the ultimate recipients of any such premium payments.

15. Defendants PSC and PSC Plan are not liable to Plaintiff for the alleged acts, omissions or statements, if any, of any other defendant because each of the defendants is an independent entity.

16. Defendant PSC is not a proper party to this lawsuit and is not liable for any payment of any benefits allegedly owed under any employee welfare benefits plan or any claims asserted by Plaintiff.

17. Defendants PSC and PSC Plan reserve the right to plead any additional defenses or affirmative defenses that may be applicable based on matters revealed during discovery.

HOUSTON: 019546.00004: 1010708v2

WHEREFORE, PREMISES CONSIDERED, Defendants Philip Services Corporation and PSC Group Life Plan pray that, upon final trial, Plaintiff Linda Ditomasso take nothing by way of her suit, that Defendants recover their costs and attorneys' fees expended in this cause, and for such other and further relief, either at law or in equity, to which Defendants may be justly entitled.

**PHILIP SERVICES CORPORATION and PSC GROUP LIFE PLAN**

By their attorneys:

By:  __/s/ Jennifer M. Ryan_____
Jennifer M. Ryan (BBO#(BBO# 661498)
James L. Hauser (BBO# 557214)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201

_____
David M. Gregory
Texas State Bar No. 24007274
Gretchen Agena
Texas State Bar No. 24040396
LOCKE LIDDELL & SAPP LLP
600 Travis St., Suite 3400
Houston, Texas 77002
713-226-1200
713-223-3717 (Fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of July, 2005, a true and correct copy of Defendants Philip Services Corporation's and PSC Group Life Plan's Answer to Plaintiff Linda Ditomasso's Complaint was served upon counsel for Plaintiff via certified mail, return receipt requested, with proper postage affixed and addressed as follows:

    William J. Ritter
    POJANI HURLEY RITTER & SALVIDIO, LLP
    446 Main Street
    Worcester, MA 01608

                                      /s/ Jennifer M. Ryan
                                      Jennifer M. Ryan

HOUSTON: 019546.00004: 1010708v2